## FARMERS NAT. BANK OF DURANT v. SUTHER.

### No. 813.   Opinion Filed May 9, 1911.

**BANKS AND BANKING**—National Banks—Liquidation—Surviving Rights. A national bank can voluntarily liquidate under section 5220 of the Revised Statutes, and is not thereby dissolved as a corporation, but may sue and be sued by name, for the purpose of winding up its business.

(Syllabus by the Court.)

*Error from Bryan County Court; Charles A. Phillips, Judge.*

Action by A. F. Suther against the Farmers National Bank, of Durant, Okla. Judgment for plaintiff, and defendant brings error. Affirmed.

*Hatchett & Ferguson,* for plaintiff in error.
*Robert Crockett* and *W. H. Ritchy,* for defendant in error.

KANE, J. This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to recover a penalty for the alleged receiving by the bank of usurious interest on certain loans made by it. There was judgment for the plaintiff. A demurrer was sustained to one of the allegations contained in the defendant's answer, as follows:

"As a further answer, defendant states that since the bringing of this suit the Farmers National Bank has been liquidated and dissolved and that it is not now a national bank and as such authorized to do a general bank business as a national bank."

The only error urged is the ruling of the court upon this demurrer. Counsel for plaintiff in error contend that the above quoted paragraph of the answer states facts sufficient to show that the defendant, Farmers National Bank of Durant, Oklahoma, was legally dead, and that a valid judgment could not be rendered against it. We think the court was justified in sustaining the demurrer. The defendant appeared in response to the summons, and filed a demurrer to the petition, which commenced with the following words: "Comes the defendant, the Farmers National

Bank  *  *  *." This demurrer was overruled, and a special demurrer was filed by the defendant, which was entitled, "Suther v. Farmers National Bank," and commences with the words, "Comes now the defendant herein  *  *  *." The answer containing the paragraph demurred to is entitled the same way and commences with the same words. The record also shows that on the argument of the demurrer counsel for the defendant appeared and resisted the same. Under such circumstances we think it would be too much of a task on the credulity of the court below to require it to treat the defendant as dead, notwithstanding the allegation to that effect in its answer. Moreover, it seems that a national bank can voluntarily liquidate under section 5220 of the Revised Statutes, and is not thereby dissolved as a corporation, but may sue and be sued by name, for the purpose of winding up its business; and it is no defense to a suit by a creditor upon a disputed claim that the creditor has also filed a creditor's bill under section 2 of the Act of June 30, 1876, authorizing the appointment of receivers of national banks and for other purposes, to enforce the individual liabilities of its shareholders. *Cen. Nat. Bk. v. Mut. Life Ins. Co.,* 104 U. S. 54. Another case in point, to the same effect, is *Chemical Nat. Bk. v. Hartford Deposit Co.,* 161 U. S. 1.

The judgment of the court below is affirmed.

TURNER, C. J., and DUNN and HAYES, JJ., concur; WILLIAMS, J., disqualified, not participating.